IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action |
| v. | : | |
| | : | No. 02-828-03 |
| ANGEL RIOS | : | |

**MEMORANDUM RE: MOTION FOR REDUCTION OF SENTENCE**

**Baylson, J.**                                                                                                                          **February 9, 2009**

**I.      Facts and Procedural History**

Defendant was arrested after he made several sales of cocaine base (crack) during a DEA surveillance operation. Defendant then pled guilty to one count of 21.U.S.C. § 846 for conspiracy to distribute controlled substances. The plea agreement contained a stipulation that Defendant was responsible for more than 50 grams of cocaine base but less than 150 grams.

During sentencing, the government explained that Defendant had provided substantial assistance and requested the Court grant its § 5K1.1 motion for a downward departure based on that cooperation. (Sentencing Hr'g Tr. 2-4). Defendant, who had previously been convicted of two felonies involving either a crime of violence or a controlled substance and thus qualified as a career offender, also moved for a downward departure under § 4A1.3, which allows the Court to depart downward from the Sentencing Guidelines if "reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." (Sentencing Hr'g Tr. 4-6). Defendant also requested a departure for extraordinary rehabilitation or for extraordinary mental and emotional conditions. (Sentencing Hr'g Tr. 6-12).

The Court ultimately determined that Defendant had provided substantial assistance and was entitled to a downward departure under § 5K1.1. (Sentencing Hr'g Tr. 19). However, the Court denied the requests for a departure based on extraordinary rehabilitation, which the Court found was in Defendant's own interest, and for a departure under § 4A1.3, choosing instead to "adhere to the criminal [sic, should read 'career'] offender enhancement." (Sentencing Hr'g Tr. 19)  After factoring in Defendant's very substantial assistance, the Court sentenced Defendant to a term of 144 months, calculated by cutting in half the number of months of incarceration in the middle of the suggested career offender sentencing range.[1] (Sentencing Hr'g Tr. 19-20). Defendant has currently served over seven years of his imprisonment term.

Defendant has filed a Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2). That statute allows for the modification of a term of imprisonment after it has been imposed if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3852(c)(2). Defendant asserts that he is entitled to be resentenced under that statute because the Sentencing Guidelines were recently amended to reduce the suggested ranges for cocaine base offenses. Specifically, Defendant relies on Amendment 706, which lowered base offense levels, and therefore the suggested ranges, for cocaine base offenses set forth in U.S.S.G. § 2D1.1 of the Sentencing Guidelines.

---

[1] As a career offender under § 4B1.1, the Guidelines suggested a term of imprisonment of 262-327 months (derived from a base offense level of 34 and a criminal history level of V, including the 3 level departure for acceptance of responsibility and timely notice of plea under § 3E1.1, but without factoring in any departure for substantial assistance under § 5K1). If Defendant had not been sentenced as a career offender, he would have fallen in the § 2D1.1 Guidelines range of 168-210 months imprisonment (derived from a base offense level of 31 and a criminal history level of VI, again with the downward departures for acceptance of responsibility and timely notice of plea, but without any consideration for substantial assistance).

Defendant argues that his sentence was based, at least in part, on the amended sentencing ranges because even though the Court followed a different guideline range for career offenders, the Court still must take into account what the sentence would have been under § 2D1.1 had the defendant not been a career offender. Thus, Defendant contends that he is entitled to a reduction in sentence similar to what he would have been eligible for had he not been sentenced as a career offender under U.S.S.G. § 4B1.1.

## II. Discussion

### A. Retroactive Application of Amendment 706 to Career Offender Sentences under 18 U.S.C. § 3582(c)(2)

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10 identifies the amendments that may be retroactively applied pursuant to the authority granted in § 3582(c)(2). The Sentencing Commission added Amendment 706, which reduced the offense levels applicable to cocaine base offenses in § 2D1.1 by two levels, to the list of retroactive amendments on December 11, 2007, effective March 3, 2008. As a result, prisoners sentenced pursuant to § 2D1.1 are entitled to request and receive a reduction in their sentences under § 3582(c)(2).

Defendant does not suggest that his sentence was derived directly from the amended § 2D1.1; rather Defendant acknowledges that once the Court determined he was a career

offender, the Court followed the sentencing procedure under § 4B1.1, not § 2D1.1.  § 4B1.1(b) instructs that a judge should apply the higher of the offense level listed on the career offender table in that section or the offense level otherwise applicable.  The career offender table, in turn, uses the offense statutory maximum to determine the offense level.  In Defendant's case, the offense level under the career offender table was 34, including a three level reduction for acceptance of responsibility and timely notice of plea under § 3E1.1, whereas the otherwise applicable offense level was 31, also including the § 3E1.1 reductions.  Defendant simply asserts that because the procedure in § 4B1.1 must consider the otherwise applicable offense level under § 2D1.1, any sentence under §4B1.1 is "based on" the amended § 2D1.1 for purposes of §3582(c)(2).

Citing Watson v. United States, 128 S. Ct. 579, 583 (2007) for the proposition that absent a statutory definition, words in a statute are assumed to possess the meaning ascribed to them in common usage, Defendant argues that this Court must accept the standard definition of "based on" when deciding if a career offender sentence under § 4B1.1 is "based on" the amended § 2D1.1.  According to Defendant, the Merriam Webster Dictionary definition of "base" includes "the bottom of something considered its support," "a supporting or carrying ingredient," and "the starting point or line for an action or undertaking."  However, even using those definitions, the Court cannot conclude that when a judge compares the § 4B1.1 and § 2D1.1 sentences and concludes that the § 4B1.1 career offender sentence applies, the judge is "basing" the sentence on § 2D1.1.  § 4B1.1 only instructs the court to consider the otherwise applicable sentence under § 2D1.1 when determining whether the offense level is higher under the career offender table than the sentence otherwise applicable.  Once the court makes that comparison and concludes

that the career offender level is higher, the actual sentence does not incorporate in any way the offense level under § 2D1.1. Instead, the offense level is determined by the statutory maximum under the career offender table.[2]

Thus, in situations where a sentencing court determines that the § 4B1.1 sentence is higher, as it did in Defendant's case, the career offender's sentence cannot reasonably be described as "based on" § 2D1.1. In such cases, the sentencing court's consideration of the § 2D1.1 sentence is only for comparative purposes. Furthermore, there is no suggestion in the guidelines that the court should adjust the final sentence imposed pursuant to § 4B1.1 based on what the sentence would otherwise be under § 2D1.1, and the record here does not reveal that the sentencing court did so when sentencing Defendant. Once the Court determined that § 4B1.1 applies because the sentence under the career offender table was higher, § 2D1.1 played no role in the Defendant's ultimate sentence and cannot be considered a "supporting or carrying ingredient" or "the starting point for the sentence." See U.S. v. Caraballo, — F.3d — 2008 WL 5274853, at *2-3 (1st Cir. 2008) (explaining that the "oblique reference" to the crack cocaine guidelines for comparison purposes in § 4B1.1 is not sufficient to trigger § 3582(c)(2)).

Here, Defendant pled guilty to 21 U.S.C. § 846 for attempt or conspiracy to commit an offense, which is punishable to the same extent as the underlying offense. Defendant was

---

[2]If the sentencing court determines that the career criminal history category over-represents a defendant's prior offenses under § 4A1.3 and then bases the actual sentence on the otherwise applicable sentence under § 2D1.1, a defendant may argue that the actual sentence incorporates § 2D1.1 for purposes of § 3582(c)(2). See Part II.B, infra; United States v. Rivera, 535 F. Supp. 2d 527, 527-28 (E.D. Pa. 2008); United States v. Poindexter, 550 F. Supp. 2d 578, 579 (E.D. Pa. 2008). However, as noted above, the Court in this case explicitly rejected at the sentencing hearing Defendant's motion under § 4A1.3 to depart from the guidelines. (Sentencing Hr'g Tr. 19). Thus the Court expresses no opinion here on whether the sentence of a career offender that incorporates a § 4A1.3 departure is "based on" § 2D1.1 for § 3582(c)(2) purposes.

arrested after making several sales of cocaine base and agreed to be held accountable for more than 50 grams but less than 150 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A)(iii) indicates that such activity by a person who has a prior, final conviction for a felony drug offense is punishable by "not [] less than twenty years and not more than life imprisonment." Thus the maximum punishment for Defendant's offense is life imprisonment, which results in an offense level of 37 under the career offender table. That level was reduced to 34 for Defendant's acceptance of responsibility and timely notice of plea under § 3E1.1. A base offense level of 34 combined with the career offender criminal history category, VI, produced the sentencing range of 262-327 (without the § 5K1.1 departure that eventually led to the 144 month sentence). Under these circumstances and given the plain meaning of the words "based on" in § 3582(c)(2), the Court does not find that Defendant's sentence was based on the amended § 2D1.1 offense levels. Essentially, had the lower Guidelines ranges for cocaine base offenses been in effect when Defendant was originally sentenced, those ranges would not have impacted the actual sentence imposed by this Court. Thus, Defendant is not entitled to a reduction in sentence pursuant to § 3582(c)(2).

   **B.** **Prior Cases Addressing the Application of 18 U.S.C. § 3582(c)(2) to Career Offenders**

Furthermore, the Court notes that several other courts within the Third Circuit and Judges in this District have considered whether a defendant sentenced as a career offender is eligible for resentencing after Amendment 706 changed the offense levels for cocaine base offenses in § 2D1.1, and those courts have similarly concluded that such defendants do not qualify for resentencing under § 3582(c)(2). First, in an unpublished, per curiam opinion, the Third Circuit

held that the defendant, who was sentenced under § 4B1.1 as a career offender, was "not eligible for a sentence reduction as a result of the amendments to § 2D1.1" because "[t]he amendment to § 2D1.1 played no role in determining the recommended guideline range for his sentence." United States v. Thompson, 290 Fed. Appx. 519, 520 (3d Cir. 2008).

In United States v. Rivera, Judge Robreno similarly concluded that "[b]ecause [the defendant] was sentenced as a career offender with a Guidelines range that is unaffected by Amendment 706, his motion [for reduction in sentence] will be denied." 535 F. Supp. 2d 527, 527-28 (E.D. Pa. 2008).  In Rivera, the defendant noted that when sentencing a career offender, a court necessarily compares the § 4B1.1 career offender sentence with the non-career offender sentence under § 2D1.1 before determining the final sentence. Id. at 530.  The defendant then argued, as does Defendant in this case, that this comparison bears on the judge's choice for what sentence from within the Guidelines range is appropriate, and thus the judge's sentence must be "based on" the § 2D1.1 sentence to some extent. Id.

Judge Robreno rejected that argument, as the Court does here, explaining that a sentencing court only engages in a comparison of the two sentences if it determines that the criminal history category under the career offender section "substantially over-represents the seriousness of defendant's criminal history or the likelihood that the defendant will commit other crimes" under § 4A1.3(b)(1). Id.  Only if the Judge concludes that the criminal history category was improper does the § 2D1.1 sentence become relevant, according to Judge Robreno.[3] Id.

---

[3]The Court observes that a sentencing court will actually compare the career offender sentence under § 4B1.1 with the otherwise applicable sentence under 2D1.1 before it determines that the career offender sentence should apply.  § 4B1.1 states:

(b) Except as provided in subsection (c), if the offense level for a career offender

Judge Robreno concluded that the sentencing court had not found a problem with the criminal history category to warrant a departure, just as the Court did here, and thus the sentence under § 2D1.1 was never considered or incorporated into the actual sentence.  Id.[4]

In contrast to the finding in Rivera, in United States v. Poindexter, Judge Dalzell found that the defendant had been granted a downward departure under § 4A3.1 from the career offender sentencing range for which he was eligible because the sentencing judge felt that the career offender status over-represented the total offense level.  550 F. Supp. 2d 578, 579 (E.D. Pa. 2008).  Instead of applying the career offender offense level under § 4B1.1, which was 34 after a reduction for acceptance of responsibility, the sentencing judge used an offense level of 27, which was the otherwise applicable level under § 2D1.1 after the reduction for acceptance.  Id.  Judge Dalzell concluded that the sentencing judge clearly relied on § 2D1.1 in determining the final sentence, and thus the sentence was "based on" a sentencing range subsequently lowered by a Sentencing Commission amendment for § 3582(c)(2) purposes.  Id. at 580-81.  According to

---

from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.  A career offender's criminal history category in every case under this subsection shall be Category VI.

As Judge Robreno notes, a sentencing court may also compare the two sentences if it determines under its authority in § 4A1.3 that the career offender criminal history level substantially over-represents the defendant's history.

[4]Judge Robreno also explained that even if the court had considered the alternative sentence under § 2D1.1, it is not obvious that the court has authority under § 3582 (c)(2) to reduce a sentence based on "an amendment changing a guidelines range that is not applicable to the defendant but is considered for comparison purposes."  Id. at 530 n.2.  As discussed above, this Court agrees that where the otherwise applicable sentence is only mentioned for comparison purposes under § 4B1.1 and the Court determines that the career offender sentence applies, the sentence is not based on § 2D1.1.  In such cases, the Court lacks authority to retroactively reduce the defendant's sentence as a result of amendments to § 2D1.1 of the Guidelines.

Judge Dalzell, the § 2D1.1 offense level here was not used merely for comparison purposes but clearly provided the level under which the defendant was ultimately sentenced. Id. at 580.

In dictum, Judge Dalzell hypothesized that had the court found the defendant was sentenced under the career offender guideline, Amendment 706 would not apply and no reduction would be available. Id. Judge Dalzell noted that "[w]here a defendant was sentenced directly under the career offender guideline, the drug quantity table does not figure into the guideline range calculus and so a modification of that table cannot have the effect of lowering the defendant's sentence." Id.

In line with the view he expressed in Poindexter, Judge Dalzell issued an order in another case several months later, rejecting that defendant's motion for a reduction under § 3582(c)(2) because the defendant had been sentenced as a career offender under § 4B1.1, not under § 2D1.1, and his "status as a career offender formed the foundation of his sentence." United States v. Robinson, 2008 WL 4792071, at *1-2 (E.D. Pa. Oct. 30, 2008) (emphasis in original). Judge Dalzell found unpersuasive the defendant's argument that because § 2D1.1 was the "starting point" of the sentencing process, the final sentence was "based on" that section. Id. at 1. According to Judge Dalzell, that interpretation of "based on" stretched the language of § 3582(c)(2) too far and essentially meant that a final sentence could be "based on" any factor considered at any point in the sentencing process. Id.

Notably, in United States v. Squire, Judge Yohn explained that departures for cooperation, diminished capacity, or extraordinary physical impairment did not change the basis of the sentence for § 3582(c)(2) purposes. 2008 WL 4694915, at *3 (E.D. Pa. Oct. 23, 2008). Only a departure under § 4A1.3 rendered a sentence eligible for reduction under § 3582(c)(2)

because in those circumstances the judge necessarily looked to § 2D1.1 for guidance on the proper sentence.  Id. at *2; see also United States v. Jackson, 2009 WL 101849, at *3 (E.D. Pa. Jan. 14, 2009) ("[W]hen a sentencing judge varies downward from the career offender Guidelines range, the defendant is nonetheless sentenced "based on" the career offender provision . . . ."). Similarly, in United States v. Jackson, Chief Judge Bartle observed that decisions in this Circuit have uniformly held that "where a court sentencing a career offender departs downward from the Guidelines range, the defendant's sentence remains "based on" his status as a career offender for purposes of § 3582(c)(2)."  2008 WL 5412825, at *1 (E.D. Pa. December 29, 2008).  The defendant in Jackson, liked the Defendant in the instant case, had been granted a downward departure for cooperation but not for any other reason.  Id.  Chief Judge Bartle noted that the only exception to this pattern of denying a request for reduction by career offenders occurred in Poindexter, where the downward departure was not for cooperation but because the range over-represented the seriousness of the defendant's criminal history under § 4A1.3, and the sentence imposed was clearly based on the otherwise applicable sentence.  Id. at n.1.[5]

---

[5]Several other courts have likewise found that a downward departure specifically for substantial assistance to the government, as was granted here, does not render the sentence "based on" § 2D1.1.  See, e.g., United States v. Moore, 541 F.3d 1323, 1329-30 (11th Cir. 2008) (holding that a defendant sentenced as a career offender was not entitled to a reduction where the sentencing court had granted a downward departure for substantial help to authorities); United States v. Boyd, 2008 WL 2537139, at *3 (W.D. Pa. June 24, 2008) (declining to reduce a defendant's sentence where the career offender status was accurate, notwithstanding a downward departure based on the government's 5K1 motion); United States v. Clark, 2008 WL 4966778 (E.D. Ky. Nov. 18, 2008) (concluding that a § 5K1.1 downward departure does not affect a defendant's eligibility for a reduction of sentence based on the career offender guidelines); see also United States v. Williams, 551 F.3d 182, 186-87 (2nd Cir. 2009) (explaining that a defendant whose sentence was based on the mandatory minimum rather than the guidelines range does not become eligible for a reduction when the court grants a 5K1.1 downward departure

These cases confirm the decision of this Court in the instant case. Here, as in <u>Rivera</u>, Defendant, the career offender section of the Guidelines served as the starting point for Defendant's sentence. He was not granted any downward departure for a career criminal history category that over-represented his behavior; rather, his only downward departure was for cooperation, which <u>Jackson</u> and <u>Squire</u> explained does not change the career offender basis of the sentence. The Court did not find that the career offender criminal history category over-represented Defendant's prior conduct, and Defendant's ultimate sentence did not incorporate the otherwise applicable sentence under § 2D1.1, unlike the Court's finding and the defendant's sentence in <u>Poindexter</u>. Based on the statutory language, the prior cases within this Circuit, and the facts surrounding Defendant's sentencing, Defendant is not entitled to a reduction.

An appropriate order follows.

---

because the original crack cocaine guidelines range in § 2D1.1 does not influence the extent of a downward departure for substantial assistance).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action |
| v. | : | |
| | : | No. 02-828-03 |
| ANGEL RIOS | : | |

ORDER

AND NOW, this 9th day of February, 2009, upon consideration of Defendant's Motion for Reduction in Sentence (Doc. 152), it is hereby ORDERED that Defendant's Motion is DENIED.

BY THE COURT:

/s/ Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\Lauren\Special Projects\Rios memo.wpd

-12-